IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-042** |
| | ) | **Electronically Filed** |
| **HERBERT LAMONT BALLARD** | ) | |

## ORDER OF COURT GRANTING MOTION TO STRIKE ORDER DATED DECEMBER 3, 2007 (DOC. NO. 47)

The Court agrees with defendant, as does the government, that it had no jurisdiction or authority on December 3, 2007, to increase the amount of his restitution to $23,496.21 on the grounds that the Court had incorrectly calculated the restitution at $17,242.15 in its judgment of October 3, 2006 (doc. no. 37).

Defendant H. Lamont Ballard entered a plea of guilty to an indictment charging him with conspiracy with numerous other persons, from in and around March 2003 through September 2005, to commit bank fraud and to pass counterfeit securities in numerous grocery stores and financial institutions in the Western District of Pennsylvania, in violation of 18 U.S.C. §513(a). On October 3, 2007, this Court sentenced defendant to a term of imprisonment of 41 months, three years supervised release, and restitution in the amount of $17,242.15 (jointly and severally). The Court ordered that restitution payments be made from any wages defendant may earn in prison in accordance with the U.S. Bureau of Prisons' inmate financial responsibility program, through which 50 percent of his prison salary shall be applied toward payment of restitution, and that any portion of restitution not paid in full at the time of his release from custody shall become a condition of supervision to be paid in installments of at least ten percent of his gross monthly income.

On October 10, 2006, this Court filed a Notice of Appeal to the United States Court of

Appeals for the Third Circuit, on defendant's behalf, at his and counsel's request. On December 3, 2007, the Court increased the amount of restitution to $23,496.21, after the Court realized it had incorrectly calculated the total amount of restitution at $17,242.15 in adding the constituent amounts of restitution to individual victims.

This Court had no jurisdiction to modify defendant's restitution after he filed his appeal. See *Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985) (timely filing of a notice of appeal is "an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."). Moreover, because the modification of restitution was made more than seven days after imposition of sentence, the Court had no authority under Fed.R.Crim.P. 35 to alter or amend the sentence. *United States v. Higgs*, 504 F.3d 456 (3d Cir. 2007) (district court without jurisdiction to enter order denying defendant's motion for reduction of sentence more than seven days after it entered sentence, even though defendant filed motion for reduction of sentence on date sentence was entered, and defendant did not file direct appeal).

**AND NOW, this 9th day of April, 2008**, for the foregoing reasons, defendant's pro se Motion to Strike Order Dated December 3, 2007 (doc. no. 47) is **HEREBY GRANTED.**

**IT IS FURTHER ORDERED** that said Order of December 3, 2007 is **VACATED**, and the Judgment and Commitment Order of October 3, 2006 (doc. no. 37) is **REINSTATED.**

                                      SO ORDERED

                                      s/Arthur J. Schwab
                                      Arthur J. Schwab
                                      United States District Judge

cc:    all ECF registered counsel and defendant (by mail)
       United States Probation Office (hard copy)